UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
              :

UNITED STATES OF AMERICA

              :     **STIPULATION AND ORDER**

    - v. -

              :     06 Cr. 1197 (JPC)

JAMES DERMOT McGONNELL,

              :

        Defendant.

              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about December 29, 2006, JAMES DERMOT McGONNELL (the "Defendant"), was charged in an Indictment, 06 Cr. 1197 (MGC) (the "Indictment"), with conspiring with others to embezzle funds from an employee benefit plan and to bribe union employees and representatives, in violation of Title 18, United States Code, Sections 371 and 664, and Title 29, United States Code, Section 186 (Count One); with embezzling funds from an employee benefit plan, in violation of Title 18, United States Code, Sections 664 and 2 (Count Two); and with bribing union employees, in violation of Title 29, United States Code, Sections 186(a)(2), (a)(4), (b)(1), and (d)(2), and 2 (Count Three);

WHEREAS, on or about November 20, 2007, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States a sum of money equal to $1,500,000 in United States currency;

WHEREAS, the Defendant and the Government further agreed in the plea agreement that any money paid to the New York City District Council of Carpenters Fringe Benefit Funds (the "Benefit Funds") by the Defendant or co-Defendant PATRICK NOEL McCaul

1

("McCaul") in settlement of any claim shall be credited against the Defendants' forfeiture obligation to the United States;

WHEREAS, as of July 7, 2008, the Defendant and McCaul, made payments of $200,000 toward their forfeiture obligation, by paying that sum to the Benefit Funds, but still owed $1.3 million toward their forfeiture obligation;

WHEREAS, on or about July 8, 2008, the Court entered an Order of Forfeiture, imposing a money judgment against the Defendant in the amount of $1,300,000 (the "Money Judgment")(D.E. 27);

WHEREAS, on or about October 7, 2022, the Government filed a motion to forfeit all of the Defendant's right, title and interest in, *inter alia*, the real property located at 66-27 53rd Avenue, Maspeth, NY 11378 (the "Subject Property") as a substitute asset (the "Substitute Asset Motion")(D.E. 51);

WHEREAS, the Substitute Asset Motion is currently pending before this Court;

WHEREAS, on or about May 3, 2023, the Court entered an interlocutory sale order authorizing the Defendant to sell the Subject Property and for the Defendant's 50% share of the net proceeds of the sale to be held pending further order of this Court;

WHEREAS, on or about May 16, 2023, the Subject Property was sold and the Defendant's share of the net proceeds from the sale are being held in escrow by Defendant's counsel; and

WHEREAS, the Government and Defendant have agreed to settle this matter without further litigation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT, by

2

and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Tara La Morte, of counsel, the Defendant and his counsel Niall MacGiollabhui Esq., that:

1.     Upon entry of this Stipulation and Order, the Defendant shall transfer $450,000 in United States currency to the Government in a manner to be provided by the Government to counsel for the Defendant (the "Payment").

2.     Upon receipt of the Payment, the Government shall apply the Payment towards the satisfaction of the Money Judgment.

3.     Upon receipt of the Payment, the Government shall withdraw the SAO Motion and take no other action to pursue forfeiture of the Substitute Assets included in the SAO Motion including the real property located at 5416 69th Place, Maspeth, NY 11378.

4.     The United States Marshals Service is authorized to deposit the Payment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.     The terms of this Stipulation and Order shall be subject to approval by the Court.

6.     The Government and Defendant hereby agree to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

7.     Each party shall bear its own costs and fees, including attorney's fees.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

3

8.    This Court will have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order

STIPULATED TO:

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
United States of America

By: _____          7/7/23
        TARA LA MORTE                   _____
        Assistant United States Attorney    Date
        One Saint Andrews Plaza
        New York, New York 10007
        (212) 637-2404

JAMES DERMOT MCGONNELL

By: _____          07/07/23
        JAMES DERMOT MCGONNELL          _____
        Defendant                       Date

By: _____          7/7/23
        NIALL MACGIOLLABHUI, ESQ.       _____
        Attorney for the Defendant      Date


SO ORDERED:

_____              July 10, 2023
HONORABLE JOHN P. CRONAN               _____
UNITED STATES DISTRICT JUDGE           Date

4